**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: December 18 2015**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 14-32650 |
| | ) | |
| Catherine M. Ferguson, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 15-3045 |
| | ) | |
| Ericka S. Parker, Trusee, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Catherine M. Ferguson, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM OF DECISION AND ORDER
### GRANTING MOTION FOR SUMMARY JUDGMENT

This adversary proceeding is before the court on the Plaintiff Chapter 7 Trustee's unopposed Motion for Summary Judgment [Doc. # 10]. In her complaint, the Trustee alleges that Defendant's Chapter 7 discharge should be revoked under 11 U.S.C. § 727(d)(2), (d)(3) and (a)(6)(A).

The district court has jurisdiction over Defendant's underlying Chapter 7 bankruptcy case and all

civil proceedings in it arising under Title 11, including this adversary proceeding. 28 U.S.C. § 1334(a) and (b). The Chapter 7 case and all proceedings in it arising under Title 11, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No.2012-7 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding that this court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(J). For the following reasons, the court will grant the Trustee's motion.

## FACTUAL BACKGROUND

The following facts are undisputed. Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code on July 21, 2014. At the first meeting of creditors held on September 18, 2014, the Trustee informed Defendant that her 2014 tax refund was an asset of her bankruptcy estate. On January 28, 2015, the court granted the Trustee's unopposed motion for turnover of Defendant's 2014 federal and state income tax returns and non-exempt tax refunds. In an affidavit submitted with the motion for summary judgment, the Trustee states that Debtor has turned over neither her 2014 income tax returns nor any portion of a 2014 tax refund. On November 5, 2014, the court entered an order granting Defendant a discharge under § 727. The Trustee timely filed a Complaint to Revoke Discharge on May 21, 2015. *See* 11 U.S.C. § 727(e)(2).

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Fed. R. Civ. P. 56, made applicable to this proceeding by Fed. R. Bankr. P. 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all evidence "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, "Rule 56 . . . requires the nonmoving party to go beyond the pleadings and by [his or] her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. A genuine issue for trial exists

if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**II. 11 U.S.C. § 727(d)**

The Trustee argues that Defendant's discharge should be revoked under 11 U.S.C. § 727(d)(2) and (d)(3), which provides as follows:

> (d) On request of the trustee . . . the court shall revoke a discharge granted under subsection (a) of this section if--
>
> . . . .
>
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee;
>
> (3) the debtor committed an act specified in subsection (a)(6) of this section.

In order to prevail on her claim for revocation of discharge under § 727(d)(2), the Trustee must prove that Defendant (1) acquired, or became entitled to acquire, property of the estate and (2) acted with intent to defraud in failing to surrender property of the estate. *See Wyss v. Fobber (In re Fobber)*, 256 B.R. 258, 272 (Bankr. E.D. Tenn. 2000). However, the Trustee submits no evidence that Debtor has received or is entitled to receive a 2014 tax refund and no evidence of Defendant's fraudulent intent, nor does she even allege in her complaint that Defendant acted with fraudulent intent. Consequently, the Trustee is not entitled to summary judgment under § 727(d)(2).

With respect to the Trustee's § 727(d)(3) claim, she relies on the act specified in § 727(a)(6) (A), that "debtor has refused, in the case . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify." 11 U.S.C. § 727(a)(6)(A). While it is unknown as to whether Defendant received a 2014 tax refund, the evidence is undisputed that she has not turned over her 2014 federal and state income tax returns as required under the court's order for turnover. "Noncompliance with a court order is, however, insufficient by itself to warrant revoking a debtor's bankruptcy discharge." *Hunter v. Magack (In re Magack)*, 247 B.R. 406, 409 (Bankr. N.D. Ohio 1999). A debtor must have "refused" to obey a lawful order of the court. *Id.;* 11 U.S.C. § 727(a)(6)(A). Courts have determined that the showing necessary to revoke a debtor's discharge for refusing to obey an order is the same as that for determining whether to hold a party liable for civil contempt. *Magack*, 247 B.R. at 409-10; *Hazlett v. Gorshe (In re Gorshe)*, 269 B.R. 744, 747 (Bankr. S.D. Ohio 2001); *United States v. Richardson (In re Richardson)*, 85 B.R. 1008, 1011 (Bankr. W.D. Mo. 1988). In a civil contempt proceeding, three elements must be established: "(1) the alleged contemnor had knowledge of the order which he is said to have

violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Magack*, 247 B.R. at 410.

In this case, it is undisputed that Defendant violated the court's order for turnover of her 2014 income tax returns, which the court finds was specific and definite. The court's order was served on Defendant and on her counsel. [*See* Doc. # 26, Notice of Order].[1] Thus, there is no dispute that the Trustee has met her burden with respect to each of these elements.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Trustee's Motion for Summary Judgment [Doc. # 10] be and hereby is, **GRANTED.**

###

---

[1] The court takes judicial notice of the contents of its case docket. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990).